UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY THOMPSON,

    Plaintiff,

v.

    Case No. 23-13049
    Honorable Jonathan J.C. Grey
    Magistrate Judge Anthony P. Patti

JODI DeANGELO, et al.,

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT MDOC DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION (ECF No. 22) AND DENYING AS MOOT MOTION TO STAY DISCOVERY (ECF No. 21)**

**I.   INTRODUCTION**

Pro se Plaintiff Michael Anthony Thompson filed this 42 U.S.C. § 1983 lawsuit against multiple defendants based on alleged violations of his procedural due process rights when his food and personal footlocker were taken from his cell after a "mass shakedown." (ECF No. 1, PageID.5–7.) On March 15, 2024, all defendants filed a motion to dismiss and for summary judgment on the basis of exhaustion. (ECF No. 15.) The motion was fully briefed. (ECF Nos. 17, 18.)

This matter comes before the Court on Magistrate Judge Anthony P. Patti's Report and Recommendation dated December 3, 2024 (the "R&R"). (ECF No. 22.) In the R&R, Judge Patti recommends that the Court grant the defendants' motion "(1) as to Defendants DeAngelo, Schreiber, McClain, Conners, Gonzales, Reed, Kline, and Robert Thompson and Defendant Russell . . . , [as Thompson] has 'fail[ed] to state a claim upon which relief can be granted[,]' Fed. R. Civ. P. 12(b)(6); and, (2) [Thompson] has failed to exhaust his available administrative remedies as to his claim(s) against Smith[.]" (ECF No. 22, PageID.349–350). Thompson filed 11 objections to the R&R. (*See* ECF No. 25.) Defendants did not file a response to Thompson's objections.

**II.   ANALYSIS**

In his objections, Thompson asserts that his claims are based on the violation of his procedural due process rights, the violation of Michigan Department of Corrections ("MDOC") Policy Directive ("PD") 04.07.112 PP, the false misconduct reports written by defendants Gonzales and Conners, and defendants not being held accountable for their actions or inactions in violating his due process rights. The Court has had an opportunity to review this matter, including Thompson's objections, and

finds that Judge Patti reached the correct conclusions for the proper reasons in the R&R.

Many of Thompson's 11 objections are closely related. Accordingly, rather than address the objections under individual headings, the Court will organize its analysis based on the substance of the objections. *See Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd,* 899 F.3d 428 (6th Cir. 2018). For the reasons explained below, the Court **DENIES** all Thompson's objections.

### A. Standard of Review

When ruling on objections to a magistrate judge's Report and Recommendation, the court must conduct a de novo review of portions of the Report and Recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). An objection that does nothing more than disagree with a magistrate judge's

3

findings, "without explaining the source of the error," is not considered a valid objection. *Id.*

Further, "[a] district court should only review for clear error where a party makes perfunctory arguments to engage the district court in rehashing the same arguments set forth in the original petition." *Brooks v. Invista (Koch Indus.)*, 528 F. Supp. 2d 785, 788 (E.D. Tenn. 2007). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

B.   **Restatement of Arguments in His Response Brief**

The Court notes that many arguments in support of Thompson's objections reiterate arguments presented in his response brief. (*See, e.g.,* ECF No. 17, PageID.154–156 and ECF No. 25, PageID.390–301; ECF No. 17, PageID.162–164 and ECF No. 25, PageID.393, 395 (some of which is verbatim); ECF No. 17, PageID.167–168 and ECF No. 25, PageID.399–400 (some of which is verbatim).) That approach is not appropriate or sufficient, and the Court need not—and does not—address them in detail

herein. *See, e.g., Howard*, 932 F.2d at 509; *O'Connell v. Comm'r of Soc. Sec.*, No. 14-13690, 2016 WL 537771, at *1 (E.D. Mich. Feb. 11, 2016) (citing *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F.Supp.2d 32, 34 (D.P.R. 2004)).

### C. Objection 1

In Objection 1, Thompson cites several cases and standards pertaining to federal procedural due process. He does not, however, argue why any conclusion in the R&R was erroneous. The Court **DENIES** Objection 1.

### D. Objection 2

Thompson argues that his complaint "is about the complete violation of MDOC P[olicy] D[irective] 04.07.112 (PP)," including the false misconduct reports written by defendants Gonzales and Conners. He asserts that he is not trying to recover damages for the loss of property; rather, he is seeking to have defendants follow the rules. (ECF No. 25, PageID.389.) Violations of MDOC policies, without more, however, do not equate to a violation of a prisoner's constitutional right(s). *See, e.g., Minier v. Stephens*, No. 21-cv-949, 2022 WL 782605, at *5 (W.D. Mich. Mar. 15, 2022) ("But that does not mean that the requirements of MDOC

5

policy are coextensive with the requirements of due process. Put simply, stating that the conduct violates the MDOC policy is not the same as stating that conduct violates due process; yet Plaintiff seems to equate the two."); *Peterson v. Corby*, 347 F.R.D. 192, 196 (E.D. Mich. June 27, 2024) (citing *Winkler v. Madison Cnty.*, 893 F.3d 877, 891 (6th Cir. 2018) ("Nor does the failure to follow internal [MDOC] policies, without more, constitute deliberate indifference.")); *Cary v. Mox*, No. 17-cv-12862, 2019 WL 759288, at *5 (E.D. Mich. 2019) (citations omitted) ("Whether negligent or deliberate, a violation of an internal [MDOC] prison policy, in and of itself, does not equate to a violation of a constitutional right."). In other words, violations of MDOC policies are not determinative for purposes of resolving the issue of whether Thompson has a viable § 1983 claim.

Thompson has not otherwise argued how the alleged violations of MDOC Policy Directive 04.07.112 (PP) violate his rights under any federal statute or the U.S. Constitution. As such, he has not asserted a viable § 1983 claim. *Huron Valley Hosp., Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) (citing *Baker v. McCollan*, 443 U.S. 137, 146 (1979) (emphasis in original) (finding that violations of state laws or

6

policies are not relevant to § 1983 analysis unless they involve "violations of 'rights, privileges, or immunities secured by the [U.S.] Constitution and [federal] laws' that occur under color of state law. The statue is thus limited to deprivations of *federal* statutory and constitutional rights. It does not cover official conduct that allegedly violates *state* law.").

The Court **DENIES** Objection 2.

### E.     Objections 3, 4, and 5

In Objection 3, Thompson states only that DeAngelo ordered or directed the mass shakedown, including directing her staff to remove property from the inmates, a removal that lasted "a month," even in the absence of misconduct reports. In Objection 4 (titled "Respond[eat] Superior (DeAngelo)"), he reiterates arguments set forth in his response brief, namely that DeAngelo was involved in the property removal that was conducted in violation of MDOC policies. Thompson argues that DeAngelo was aware of the deprivation because DeAngelo created the deprivation and allowed it to continue. In Objection 5, Thompson argues that defendants violated MDOC Policy Directive 03.02130 (BB) when Schreiber and DeAngelo each denied one of Thompson's grievances at Step III.

As discussed above, violations of state laws or policies are not relevant to § 1983 analysis unless they involve violations of federal laws or the U.S. Constitution. *Huron Valley Hosp.*, 887 F.2d at 714. Further, as the Sixth Circuit has stated, "even if the defendants did thwart [the plaintiff's] ability to file a grievance, he did not have any due process right to an effective grievance procedure," and "to the extent that [the plaintiff's] due process claim was based on the defendants' alleged failure to follow the applicable state-law procedures in reclassifying him or processing his grievances, he failed to state a claim for relief under § 1983." *Graham v. Chicowski*, No. 1-2049, 2019 WL 4381841, at *5 (6th Cir. May 3, 2019). Once again, violations of MDOC policies, without more, do not equate to a violation of a prisoner's constitutional right(s). Finally, and for the reasons stated by Judge Patti, any review by DeAngelo or Schreiber of Thompson's grievances, including a denial of said grievances, would not subject them to liability under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

For the above reasons, the Court **DENIES** Objections 3, 4, and 5.

### F. Objection 6

In his complaint, Thompson alleges that when he asked McClain

8

about his paperwork regarding the taken property, McClain indicated that Thompson would get it soon, but the property was not returned until early February. (ECF No. 1, PageID.9.) In Objection 6, Thompson repeats that allegation, then states that due process requires an opportunity to be heard at a meaningful time and mentions the alleged fabricated misconduct reports. He does not explain what role McClain had in any fabrication or delay regarding the return of property or paperwork. At most, he asserts that McClain's failure to take any actions made her a conspirator with the other defendants. However, he offers no support for the proposition that such a failure to act (negligence) violates his federal due process rights. Accordingly, the Court **DENIES** Objection 6.

### G.  Objections 7 and 8

In Objection 7, Thompson contends that Conners and Gonzales fabricated removal reports on January 31, 2023; specifically, by printing Thompson's last name where it says "Prisoner-Print Name and sign." (ECF No. 25, PageID.395.) He argues that those actions violated MDOC PD 02.03.107, which is a code of ethics and conduct. He claims that Conners and Gonzales should have been disciplined pursuant to MDOC PD 02.03.100.

In Objection 8, Thompson asserts that, had Kline filed the correct notice of intent and contraband removal shortly after the January 5, 2023 mass shakedown, "it is possible that the false reports would not have been written and wouldn't be here with this complaint." (ECF No. 25, PageID.396 (citing Policy Directive 04.07.112 PP).) Therefore, at most, Thompson contends in Objection 8 that Kline failed to comply with an MDOC policy directive.

Once again, Thompson fails to offer any authority or argument to support a viable § 1983 claim with respect to any of these defendants (Gonzales, Conners, and Kline). The Court **DENIES** Objections 7 and 8.

### H.     Objection 9

In Objection 9, Thompson contends that Reed had no answer about a notice of intent and the contraband removal when Thompson met with her on several occasions, yet on February 2, 2023, she presented Thompson with the false misconduct reports prepared by Conners and Gonzales. Thompson argues that Reed's actions show that she was complicit with the other defendants. As Judge Patti concluded, the claims against Reed involve alleged negligence, which is not sufficient to sustain a procedural due process violation. *Daniels v. Williams*, 474 U.S. 327, 328

(1986) (emphasis in original) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."). Objection 9 is **DENIED**.

### I. Objections 10 and 11

Thompson asserts varying complaints about Robert Thompson's handling of grievances that Thompson filed. Similarly, Thompson alleges that Russell failed to investigate the alleged violations of MDOC policy and procedure in Thompson's grievances. However, as noted above, Thompson "did not have any due process right to an effective grievance procedure," and "to the extent that [Thompson's] due process claim was based on the defendants' alleged failure to follow the applicable state-law procedures in . . . processing his grievances, he failed to state a claim for relief under § 1983." *Graham*, 2019 WL 4381841, at *5. Thus, the Court **DENIES** Objections 10 and 11.

### J. Defendant Smith

In his objections, Thompson agreed to "willfully remove[] Smith from the complaint and lawsuit." (ECF No. 25, PageID.400.) The Court therefore need not analyze the dismissal of the claim(s) against Smith.

11

### K.  Conclusion

Finding no error in the R&R, the Court adopts it in its entirety.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation dated December 3, 2024 (ECF No. 22) is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Thompson's objections to the December 3, 2024 Report and Recommendation (ECF No. 25) are **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss and for summary judgment on the basis of exhaustion (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion to stay discovery (ECF No. 21) is **DENIED AS MOOT**.

**SO ORDERED**.

DATED: March 18, 2025

s/Jonathan J.C. Grey
JONATHAN J.C. GREY
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 18, 2025.

                        s/ S. Osorio
                        Sandra Osorio
                        Case Manager